**UNITED STATES of America,**
**Appellee,**

v.

**Paul C. KURTZ, Defendant–Appellant.**

**No. 00–1105.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 6, 2000.

Decided Jan. 03, 2001.

James J. Benjamin, Jr., Assistant United States Attorney, New York, NY (Mary Jo White, United States Attorney for the Southern District of New York, Mei Lin Kwan Gett, Assistant United States Attorney, New York, NY, on the brief), for Appellee.

Brian W. Shaughnessy, Washington, DC, (Shaughnessy, Volzer & Gagner, Washington, DC, on the brief), for Defendant–Appellant.

Before OAKES and KEARSE, Circuit Judges, and KORMAN, Chief District Judge.*

PER CURIAM:

Defendant Paul C. Kurtz appeals from a judgment entered in the United States

* Honorable Edward R. Korman, Chief Judge of the United States District Court for the East-

ern District of New York, sitting by designation.

District Court for the Southern District of New York following his plea of guilty before Barbara S. Jones, *Judge*, convicting him of making material false statements in matters within the judicial and executive branches of the United States government, in violation of 18 U.S.C. § 1001; and credit-card fraud, in violation of 18 U.S.C. § 1029(a)(2). Kurtz was sentenced principally to 41 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay a $5,000 fine and restitution in the amount of $12,812.18. On appeal, he contends principally that, with respect to his § 1001 offenses, the district court erred in sentencing him under Sentencing Guidelines ("Guidelines") § 2J1.2, a provision applicable to obstructions of justice, rather than under Guidelines § 2F1.1, which generally governs frauds. Finding no merit in Kurtz's contentions, we affirm.

■ For approximately six years, Kurtz, who is not and has never been licensed to practice law, and indeed did not attend law school, masqueraded as an attorney. In addition to representing parties in civil cases and immigration matters, he made court appearances, or filed papers indicating that he was a bona fide attorney, in more than a dozen criminal cases.

In 1998, Kurtz was indicted on 48 counts, including seven counts of making false statements and obstruction of justice in federal criminal cases, in violation of 18 U.S.C. §§ 1001 and 1503, and 39 additional counts of making false statements, in violation of § 1001. He entered into a plea agreement with the government pursuant to which he pleaded guilty to three counts of making false statements, in violation of § 1001, along with one count of credit-card fraud, in violation of § 1029(a)(2). In the plea agreement, the government reserved the right to argue that the guideline that should be applied to Kurtz's convictions under § 1001 was not § 2F1.1, which ordinarily governs fraud offenses, but rather § 2J1.2, which applies to obstructions of justice.

In sentencing Kurtz in January 2000, the district court noted that Appendix A to the Guidelines ("Appendix A"), containing an index indicating which guideline is generally applicable to a given statutory offense ("Statutory Index"), further provided that in an "atypical" case, the court should instead "use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted," Guidelines Appendix A, Introduction (1998). The court also pointed out that the commentary to § 2F1.1 states that § 1001 is a general statute, and that if the offense is also covered by a more specific statute for which a different guideline would be more apt, the court should apply the more apt guideline rather than § 2F1.1, *see* Guidelines § 2F1.1 Application Note 14 (1998). Noting that "[t]his is a case where the conduct constituting the offense of conviction, making a false statement, also constitutes the more serious offense of obstruction of justice," the court concluded that the obstruction guideline, § 2J1.2, should be applied to Kurtz's § 1001 offenses.

Kurtz contends that the application of § 2J1.2 was inappropriate because, *inter alia*, his conduct was typical of acts prosecuted under § 1001 since it consisted of "lying." We decline this invitation to adopt such a myopic view. Kurtz's more serious argument relates to a change in the Guidelines that became effective after he was sentenced. At the time of Kurtz's offenses and sentencing, Appendix A provided that

[i]f, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted.

Guidelines Appendix A, Introduction (1998). Effective November 1, 2000, however, Appendix A was amended to delete

that general authority. *See* Guidelines Appendix C Supp., amend. 591 (Nov. 1, 2000). Kurtz argues that this change reveals that the court is required to apply only the guideline that is specifically cross-referenced in the Appendix A Statutory Index to the section under which the defendant is convicted. We disagree that the amendment, even if it were retroactively applicable to Kurtz, would have that effect in the present case, for while Appendix A has been modified, the district court's authority to apply § 2J1.2 did not rest solely on the now-deleted language of Appendix A.

 For offenses under § 1001, the Statutory Index indicates that the applicable guideline is § 2F1.1. The commentary to § 2F1.1 itself, referred to by the district court in sentencing Kurtz, states in part as follows:

> Sometimes, offenses involving fraudulent statements are prosecuted under 18 U.S.C. § 1001, or a similarly general statute, although the offense is also covered by a more specific statute.... *Where the indictment or information setting forth the count of conviction ... establishes an offense more aptly covered by another guideline, apply that guideline rather than § 2F1.1.*

Guidelines § 2F1.1 Application Note 14 (1998) (emphasis added). The 2000 version of the Guidelines, while omitting from Appendix A the prior general authorization to deviate from the Statutory Index, did not alter this specific authorization found in § 2F1.1 Application Note 14. *See* Guidelines § 2F1.1 Application Note 14 (2000). Thus, when sentencing a defendant for a violation of 18 U.S.C. § 1001 under the 2000 version of the Guidelines, the district court is to look to § 2F1.1; and that section, as explicated in Application Note 14, gives the court express authority to apply a different guideline that is "more apt[ ]."

Given the nature of Kurtz's conduct, which deprived defendants in criminal cases of their constitutional rights to be represented by bona fide attorneys, *see, e.g., Solina v. United States,* 709 F.2d 160, 167 (2d Cir.1983), there can be no doubt that the obstruction-of-justice guideline more aptly covered his conduct. Thus, even assuming that the 2000 version of the Guidelines applied to Kurtz, calculation of his sentence under § 2J1.2 was appropriate.

Kurtz also advances several other challenges to his sentence. We have considered them and conclude that they are without merit and do not warrant discussion. The judgment of the district court is affirmed.