**UNITED STATES of America,**
**Appellee,**

v.

**George RIVERA, Defendant–Appellant.**

**Docket No. 01–1390.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2002.

Helen V. Cantwell, Jamie L. Kogan, Assistant United States Attorneys for the Southern District of New York, on submission, for Appellee.

George Rivera, pro se, Beaumont, TX, on submission, for Appellant.

Present JACOBS, F.I. PARKER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

George Rivera, *pro se, in forma pauperis,* and incarcerated, appeals from the denial of his motions for recusal pursuant to 28 U.S.C. § 455(b)(1), and modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), in the United States District Court for the Southern District of New York (Kram, J.).

We affirm the dismissal of Rivera's motion to recuse for substantially the reasons stated by the district. *See Rivera v. United States,* No. 89 CR 346, 2001 WL 736778 at *3–5 (S.D.N.Y. June 29, 2001). We therefore need not address the government's argument that the motion to recuse was untimely.

We also affirm the dismissal of Rivera's motion to modify his sentence. The district court correctly ruled that Amendment 591 to the U.S. Sentencing Guidelines, effective on November 1, 2000, is inapplicable. By its terms, this amendment applies to the initial selection of the relevant guideline, and not to adjustments or enhancements imposed once the guideline is selected, which are what Rivera challenges.

Even if Amendment 591 were applicable, it would not result in a sentence reduction for Rivera. When a court is determining whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c), "the court should consider the term of imprisonment that it would have imposed had the amendment ... been in effect" at the time of the original sentencing. U.S.S.G. § 1B1.10(b) (1991). "In determining the amended guideline range [ ], the court shall substitute only the [pertinent] amendment[ ] ... for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10, cmt n. 2; *Berrios v. United States,* 126 F.3d 430, 432 (2d Cir.1997).

At the time Rivera was sentenced, a district court had discretion to consider a defendant's "actual" conduct (i.e., all relevant conduct) when determining the applicable guideline provision to be used for selecting the base offense level. *See* U.S.S.G. Manual, Supp. to App. C, amend. 591, at 29–32; *United States v. Kurtz,* 237 F.3d 154, 155–56 (2d Cir.2001). If Amendment 591 had been in effect, the sentencing court would have had no such discretion; the applicable guideline provision

could have been based only on the offense of conviction.[1] *Id.* Since in this case the district court considered only the conduct underlying Rivera's offense of conviction, and not his actual conduct, the court's selection of § 2D1.1 as the appropriate guideline provision is not affected by Amendment 591. Accordingly, Rivera's motion for modification of sentence is without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**